**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GANKHUYAG PUREVDOO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71140; 11-70885 <br><br> Agency No. A088-196-714 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2014
San Francisco, California

Before: NOONAN and IKUTA, Circuit Judges, and DANIEL, Senior District Judge.[**]

Gankhuyag Purevdoo (Purevdoo) petitions for review of two orders of the Board of Immigration Appeals (BIA). The first dismisses Purevdoo's appeal from an immigration judge's (IJ) denial of his applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Wiley Y. Daniel, Senior District Judge for the U.S. District Court for the District of Colorado, sitting by designation.

removal, and relief under the Convention Against Torture (CAT). The second denies Purevdoo's motion to reopen. We have jurisdiction under 28 U.S.C. § 1252. We deny both petitions.

We review for substantial evidence the BIA's determination that a petitioner is ineligible for asylum. *See Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010). An adverse credibility finding is also reviewed for substantial evidence. *See Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004). We conclude that substantial evidence supports the BIA's affirmance of the IJ's adverse credibility finding. Purevdoo did not offer credible evidence in support of his asylum application.

We review for abuse of discretion the BIA's ruling on a motion to reopen. *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir. 2002). We conclude that the BIA did not abuse its discretion. Purevdoo did not show that the correctly translated medical document would have changed the result of his case. Purevdoo therefore did not show prejudice from any deficiency by his former attorney, and his due process rights were not violated.

**PETITION DENIED**.